NO. 07-07-0158-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

OCTOBER 5, 2007

_____


SHEA F. RAYMOND, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY COURT AT LAW NO. ONE OF LUBBOCK COUNTY;

NO. 2005-496,325; HONORABLE LARRY B. "RUSTY" LADD, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**ABATEMENT AND REMAND**

Following a plea of not guilty, Appellant, Shea F. Raymond, was convicted by a jury of driving while intoxicated. Punishment was assessed at 180 days confinement and a $2,000 fine, suspended in favor of eighteen months community supervision. Appellant timely perfected this appeal.

## Failure of Appellant to File Brief

The clerk's record was filed on May 31, 2007. On June 20, 2007, this Court directed Appellant's counsel to certify in writing, on or before July 10, 2007, that he had complied with Rule 34.6(b) (designation of record and request for preparation) and Rule 35.3(b) (payment of reporter's fee).[1] Counsel was further advised that failure to comply with this order would result in the deadline for Appellant's brief being set. No response having been received, on July 20, 2007, this Court deemed the reporter's record as having been filed, thereby making Appellant's brief due on August 20, 2007. Appellant did not file a brief, and on September 10, 2007, Appellant was notified of the deficiency and advised that unless the brief or an appropriate response was received on or before September 20, 2007, the appeal was subject to being abated and the cause remanded. Appellant did not respond and the brief remains outstanding.

## Motion to Withdraw

On August 7, 2007, Appellant's retained counsel filed a Motion to Withdraw in which he represented that, despite diligent attempts, Appellant failed to remain in contact with him and also failed to make arrangements to pay for the appellate record. Counsel's motion was granted by this Court pursuant to Rule 6.5 of the Texas Rules of Appellate

---

[1]All references to the Rules herein are references to the Texas Rules of Appellate Procedure.

Procedure; however, at that time no arrangements were made for the substitution of counsel.

## Failure to File Appellant's Brief Does Not Authorize
## Dismissal or Consideration Without Briefs

Notwithstanding Appellant's apparent disregard for the merits of his appeal, Rule 38.8(b)(1) provides that an appellant's failure to file a brief does *not* authorize either dismissal of the appeal or consideration of the appeal without briefs, unless the trial court has found either (1) that the appellant no longer desires to prosecute the appeal, or (2) that the appellant is not indigent but has not made the necessary arrangements for filing a brief. Therefore, we abate this appeal and remand the cause to the trial court for further proceedings pursuant to Rule 38.8(b)(4). Upon remand, the trial court shall utilize whatever means necessary to determine the following:

1. whether Appellant desires to prosecute the appeal;
2. whether Appellant is indigent and entitled to appointed counsel; and
3. whether Appellant is not indigent but has not made the necessary arrangements for filing a brief.

On remand, if Appellant fails to appear for a hearing after being notified of the date, time and place of hearing, the trial court is authorized to presume that Appellant (1) does not desire to prosecute this appeal, (2) is not indigent and not entitled to appointed counsel; and, (3) that Appellant has not made necessary arrangements for filing a brief. Notice of

3

that hearing shall be made to the Appellant in person or by mail to Appellant's last known address by both certified and regular mail.  For purposes of this notice Appellant's last known address is presumed to be the last known address contained in Appellant's counsel's Motion to Withdraw, to-wit:  4317 53rd Street, Apt. A, Lubbock, Texas 79413.

Should it be determined that Appellant does want to prosecute this appeal and the court determines that he is indigent and entitled to appointed counsel or has retained new counsel, the name, address, telephone number, and state bar number of the newly-appointed or newly-retained counsel shall be provided to the Clerk of this Court.

Finally, the trial court shall execute findings of fact, conclusions of law, and any necessary orders it may enter regarding the aforementioned issues and cause its findings, conclusions, and orders, if any, to be included in a supplemental clerk's record to be filed with the Clerk of this Court by Friday, November 9, 2007.

It is so ordered.

Per Curiam

Do not publish.